FILED

AUG 21 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY [initials]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**Plaintiff** Lowell Green #00518622

**V.** **Case No.** SA23CA1042

**Defendant** Unknown Defendants

---

please see attached complaint

6:15-cv-366-RP, COA 5th Cir. 16-51098

$14 MILLION DOLLARS Page 1 of 18

17-50690 (USDC 6:16-cv-419-RP

UNITED STATES COURT OF APPEALS FIFTH CIRCUIT. Art. VI of the United States Constitution "disallows" Treason on the bench.

(1.) Lowell Quincy Green did then and there used or exhibited

(2) a deadly weapon, to wit:

(3) a Firearm or BB Handgun. on or March 19, 2012, Cause no. 2012-790-C2,

(4) September 16, 2013 (Plea Baragin, Aggravated Robbery PC 29.03 Hon. Matt Johnson Finding on Deadly weapon: N/A (Acquittal) Cause no. 2012-790-C2 JUDGMENT

(5.) State of Texas Prosecutor Brandon Luce Made NO Objection (Contempt) At that point Green was entitled to a Finding of not guilty and

page 1. See other side

a judgment of acquittal. Article 1.15, V.A.C.C.P. (embraces) pleas of guilty since 1966. Under the Federal ~~Double~~ Double Jeopardy Clause jeopardy attaches in a bench trial when the judge begins to receive evidence. United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977); Serfass v. United States, 420 U.S. 377, 388 (1975); McCarthy v. Zerbst, 85 F. 2d 640, 642 (CA10 1936)

(6) The Fifth Amendment explicit ~~text~~ "Nor shall be compelled in any criminal case be a witness against himself" cause no. 2012-790-C2 Judge Matt Johnson, Brandon Luce, and Public Defender Lawrence E. Johnson. Finding on Prior Convictions: N/A. Punishment: 25 Years (illegal) Sentence. Tex. Penal Code Ann. § 12.42(a) habitual must be proved

Rummel v. Estelle, 445 U.S. 263 (1980), Thus it is incumbent upon the State "to introduce evidence into the record showing the guilt of the defendant." When the State failed to discharge its burden to prove allegations in the indictment the trial court had no alternative but to acquit appellee. McClendon v. State, 583 S.W.2d 777 at 779-780 (Tex. Crim. App. 1979).

Analysis:

(1.) Ex parte Green. WR-82,991-03 Cause No. 2012-790-C2, April 18, 2012 $450,000.00 Bond. Public Defender Lawrence E. Johnson, 801 Washington Ave #400 Waco, TX 76701 Ms. Henderson, and Defense Firearm or BB Handgun Investigator D. Youngblood, 2012-790-C2, April 18, 2012 (Double Jeopardy).

Grand Jury ( EXONERATED) Art. 1, § 10 Tex. Const. Bill of Rights. FINAL WR-82,981-02. Parolee [illegible]. [illegible], November 10, 2002 Lowell Quincy Green Milwaukee, Wisconsin County Jail. ID# 518622, From 283rd District Court of Dallas County, Texas Cause no. F89-97008 HG (3753) Bernal Drive Dallas, Texas 75212 Tex. Penal Code Ann. § 31.07 (UUMV) August 10, 1989 (30) years Jury Trial, Green V. State, 05-89-01170-CR Crt. App-Dallas June 11, 1990 Affirmed, Green V. State, 0592-90 PDR (Tex. Crim. App. December 12, 1990 Refused Cause no. 1994-659-C Lowell Quincy Green (119 Roger Street) McGregor, Texas 76657, 54th District Court McLennan County, Texas December 07, 1994 (25) years Plea Bargain Poss. Cocaine # 518622 Judgment CA# 62147 (WACO, TX),

Cause No. 0872126-A Lowell Quincy Green, (3909 Longstraw) Watauga Texas 3rd Judicial District Court of Tarrant County Texas May 27, 2004 (Plea Bargain) 9 Months Tarrant County. Jail Parole Violator Unlawful restraint time served TDC# 519622 (0872126-A)

8) March 24, 2012 (Lowell Quincy Green) ( 2408 Ethel Ave Apt A) Waco, Texas 76707 (Arrested) by Waco Police Officer John Finch.

9) March 26, 2012 Kimberly Bitterman W/F DOB: 09/09/1982 Social Security 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 2408 Ethel Ave Apt. A Waco, Texas 76707 (Officer Jason Davis) Waco Animal Control. Detective Manuel Chavez, Detective Kristina Woodruff

Page 5. See other side

Erin Newton- Crime scene at 1222 hrs (Collected BB Handgun, Credit Card) Offense Report #12-5431 Property Discovery. Office Craig Stone Brady v. Maryland, 373 U.S. 83 (1963) (Kimberly Bitterman Committed) the Offense March 19, 2012 She possess her husband Lowell Quincy Green Black POWERLINE 15xx CO2 AIR PISTOL BB Handgun. #12-5431, WR-82,981-03 March 27, 2012, Det. Kristina Woodruff 3201 E. Hwy 6 Waco, Texas 76705 McLennan County Jail (illegal) interrogation with a lawyer and tainted evidence seized without a warrant or consent (inadmissible) in a Court at law). Gerstein v. Pugh, 420 U.S. 103 (1975): The applicable provision art. 38.23 provides:

(a) No evidence obtained by an Officer or person in violation of any provision of the Con-stitution or laws of the United States of America, Shall be ad-mitted into evidence against the accused on trial of any crimi-nal Case. 392 U.S. 1 (1968). "Pre-sumably, whenever the police arrest they must arrest on "probable Cause". It is not the function of the police to arrest, at large and to used interrogation purposes at police headquarters order to determination whenever they should charge before a committing magistrate on "probable Cause". Mallory v. United States, 354 U.S. 449, 456 (1957).

(10) March 27, 2012 Magistrate Martin

Page 7. See other side

#12-5431 Anastasia Collier Complainant illegal charge, tainted evidence,

(11) The State of Texas v. Lowell Quincy Green Cause no. 2012-790-C2, Aggravated Robbery with a deadly weapon, to-wit:

(12) a Firearm or BB Handgun, WR-82,981-03, 6:15-cv-366 (Robert L. Pitman) impeachment. 16-51098 Jerry E. Smith, Leslie H. Southwick (5th Cir) Treason. 6:16-cv-419, Robert L. Pitman 17-50690 (5th Cir) Priscilla R. Owen impeachment Bad Behavior,

(13) Congress cannot support "Corruption. WR-82,981-11 (2012-790-C2) 4:20-cv-2585 (S.D. Tex. Houston 2020) (Judge Lynn N. Hughes) Magistrate Judge Peter Bray, Public Defender Lawrence E. Johnson (DEAD) Treason, 22-20131 (5th Cir. Oct. 2022) Carl

E. Stewart (impeachment) Article VI Oath or Affirmation (Breached, before the United States Congress.

14. Ex parte Green, WR-82,981-18 (2012-790-C2) 28 USC § 2254 Green v. Warden Vernot Davis. Connally Unit (USDC) NO. 5:23(CV) 102 (U.S. D. Tex. San Antonio Division) 262 W. Nueva Street # 1-400 San-Antonio January 05, 2023

15 (Judge Fred Biery) Menna v. New York, 423 U.S. 62 (1975) (holding that a double jeopardy claim was not waived by the entry of a plea of guilty) Menna,

relied upon Blackledge v. Perry, 417 U.S. 21, 30 (1974), for the proposition that "Where the State is pre-cluded by the United States Constitution from haling a defendant into court on a charge federal law requires that charge be set aside even if the con-viction was entered pursuant to a counseled plea of guilty". Menna, 423 U.S. at 62, In Blackledge the Supreme Court had distinguished between cases where the Constitutional error had been coerced confession or tainted indictments and

those cases were the constitutional error involved the "right not be haled into court at all." 417 U.S. at 30. SUPREME COURT OF THE UNITED STATES OFFICE OF THE CLERK June 09, 2023

(16) Roshanda Garner shall cease her bad behavior she did not enclose the indictment(s), court rules, are petition,

(17) NO. 23-50235 Green v. Connally Unit, et al. 5:23-CV-107

(18) (Judge Fred Biery) Tumey v. Ohio. 273 U.S. 510, 523 (1927) (Judge was not impartial) 28 USC § 2254 No. 5:23-cv-102 Habeas Corpus shall issue. Fred Biery,

is served and Supreme Court July 03, 2023 pursuant to 28 USC §1746 I declare and verify under penalty of perjury that the foregoing information is true and correct.

Roshard Garner
518622
Connally Unit
899 FM 632
Kenedy TX 78119

Tracking USPS # 9205 5902 4503 0000 0000 2793 81 Supreme Court United States Clerk Roshard Garner.

(15)

EMERGENCY GRIEVANCE

**Texas Department of Criminal Justice**

EMA B10 A

# STEP 1 OFFENDER GRIEVANCE FORM

FALSE IMPRISONMENT!!

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2023100837 |
| Date Received: | MAY 0 3 2023 |
| Date Due: | 06/12/2023 |
| Grievance Code: | 515 |
| Investigator ID #: | 2944 |
| Extension Date: | 07/22/23 |
| Date Retd to Offender: | AUG 0 9 2023 |

Offender Name: Lowell DeQuincy Green TDCJ # 518622

Unit: Connally Housing Assignment: 8-K-65B

Unit where incident occurred: Connally

FEDERAL JUDGE FRED BIERY. 5:23CV-433 (PENDING)

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Sgt. Hasset / Sgt. Motes When? 4/27/2023

What was their response? They do not care about my problems

What action was taken? I am filing this grievance- [illegible]

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

1. I have Federal rights not be mistreated by white correctional officers. 81 Ku Klux Klan Act April 20, 1871 President U.S. Grant Signed into law at the request of U.S. Congress 42 USC § 1983 Civil Rights Black prisoner LOWELL DEQUINCY GREEN #518622 April 24, 2023. Departed Connally unit and went to UTMB. NO. 5:23-CV-433 Federal Judge Fred Biery-4/25/2023

2. LOWELL DEQUINCY GREEN arrived back on Connally Unit April 26, 2023. I have not received my property from Ms. Brim, (my blood pressure medication) (legal work) (hygiene) (appliance) violates. PD-22 Rule 23 (mistreatment of offenders) and PD-22 Rule 41 (Denial of Access To Courts) and Eighth Amendment (Cruel and Unusual Punishment) unlawful possession of (Blood Pressure) Medication. Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994) "Knowledge" is enough to be held accountable for violating prisoner's federal rights. 18 USC §§ 241, 242, any official can be charged with a federal crime and go to federal prison. Sgt. Hasset, Sgt. Motes, Ms. Brim is not above the Rule of Law,

Magna Charta Ch. 31, 40. Even the King is under God. Art. 1, § 19 Tex. Const. "Nor shall any citizen of this State be deprived of life, liberty, or property, except by the due course law of the land.

3. Sgt. Hassett accept (2) I-60's from Lowell DeQuinky Green #518622 on 4/27/2023 at 8-K-65 cell, with Sgt. Motes, Farmer, 511415, 825 on Camera. USDC No. 5:23-CV-433. (Knowledge "NO" property).

4. 5/2/2023, several officers attempted to contact Ms. Brim and she made "NO" response. She violated her official duties.

5. **Action Requested to resolve your Complaint.** I DEMAND MY PROPERTY NOW AS A RIGHT!

6. I have the right to speak with the head warden. I have the right to report Sgt. Hassett illegal action ([illegible]).

**Offender Signature:** Lowell DeQuincy Green **Date:** 5/2/2023

**Grievance Response:**

Your compliant has been reviewed. Records indicate your property was returned to you on 05/07/23.
No further action warranted by this office.

*Asst.Warden C.Puente*

**Signature Authority:** [signature] **Date:** 8-3-2023

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

**Returned because:** ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #________
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** ________

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ________

**OFFICE USE ONLY**

Initial Submission UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

**2nd Submission** **UGI Initials:** ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

**3rd Submission** **UGI Initials:** ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

EXHIBIT A. Grievance # 2023100827

5:23-cv-433 shall be filed with all pleadings. The clerk will be charged with treason.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LOWELL Q. GREEN, TDCJ #00518622** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-23-CV-0814-FB** |
| **v.** | § | |
| | § | |
| **Ms. F/N/U BRIM, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINAL JUDGMENT**

Before the Court is the above–entitled cause. Upon review of the entire case file and this Court's Order of Dismissal denying Plaintiff Lowell Q. Green's presumed request to proceed *in forma pauperis*, dismissing his 42 U.S.C. § 1983 Civil Rights Complaint pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g), and to the extent he seeks relief pursuant to 28 U.S.C. § 2254, denying his application for want of jurisdiction, the Court renders the following Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS HEREBY ORDERED** that Plaintiff Lowell Q. Green's presumed request to proceed IFP is **DENIED** and his 42 U.S.C. § 1983 Civil Rights Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that to the extent Plaintiff Lowell Q. Green seeks relief pursuant to 28 U.S.C. § 2254, his application is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application.

**IT IS FINALLY ORDERED** that the above–entitled cause is hereby **CLOSED**.

SIGNED this 7th day of July, 2023.

FRED BIERY
UNITED STATES DISTRICT JUDGE



PROPERTY. COMMITMENT JUDGMENT, TRANSCRIPTS, Green v. State, 05-89-01170-CR Dallas Fifth Court of Appeals, PDR-0592-90, F89-97008-HK

(30) Years, TDC# 518622

(5:23-CV-0014-FB) 23-50235

(All) CASES. 5:23-CV-107.

Contempt. 5:23-CV-00023-FB

(Shall) Recuse. Tumey v. Ohio, 273 U.S. 510 (1927) Judicial Biased Judge. Reversal Automatic.

1) FALSE COMMITMENT Page 1 of 16

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LOWELL Q. GREEN, TDCJ #00518622,** (LOWELL DEQUINCY GREEN) | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** EXHIBIT A | § | **SA-23-CV-0814-FB** |
| | § | |
| **Ms. F/N/U BRIM, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Lowell Q. Green's ("Green") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court presumes that because Green did not pay the filing fee he seeks leave to proceed *in forma pauperis* ("IFP"). Upon review, the Court orders Green's presumed IFP application **DENIED** and his Complaint **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes rule of 28 U.S.C. § 1915(g). (*Id.*); *see* 28 U.S.C. § 1915(g). The Court further orders that to the extent Green has sought relief pursuant to 28 U.S.C. § 2254, his application for writ of habeas corpus is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application. (ECF No. 1); *see* 28 U.S.C. § 2254(b)(3).

**BACKGROUND**

In 2013, Green was convicted in McLennan County of three counts of aggravated robbery. He was sentenced to life in prison and is currently being housed at the Connally Unit in Kenedy, Texas. (FALSE) STATEMENT. See 19-10322, LOWELL DEQUINCY GREEN (3753? Bernal Drive Dallas, Texas 75212 In The 283rd District Court of Dallas

page 1. See other side

County, Texas April 1989. The State of Texas v. Lowell Dequincy Green Cause No. F89-97008-HK. (UUMV) Tex. Penal Code Ann. § 31.07. 283rd District Court of Dallas County, Texas. August 10. 1989 (Jury Trial) Judge Jack Hampton Prosecutor D. Pickett. For State Public Defender J. Whittier, Foreman of the Jury Mary Jane Serris

(6) Punishment (30) Years TDC 08/10/89

(7) DOC-Huntsville August 28, 1989 Issued TDC No. 518622

(8) Lowell Dequincy Green v. The State of Texas. Fifth Court of Appeals at Dallas, Texas No. 05-89-01170-CR June 11, 1990 (Affirmed) (Cause No. F89-97008-HK) 283rd District Court of Dallas County, Texas (UUMV) (30) Years PC 31.07,

9. Lowell DeQuincy Green v. The State of Texas, In the Texas Court of Criminal Appeals PDR No. 0592-90 December 12, 1990 (Refused) COA No. 05-89-01170-CR. Cause No. F89-97008-HS, 283rd District Court of Dallas County, Texas Final Judgment Tex. Code of Criminal Procedure Ann. art. 42.01, §1 Judgment 80 years void Article 11.07 Ex parte Green, WR-82,981-07 (April 25, 2018) F89-97008-HS (DENIED) without written Order

10. Lowell DeQuincy Green v. Lorie Davis Director, USDC No. 3:18-cv-1459-M-BT (N.D. Tex. Dallas Division) May 29, 2018. Judge Barbara M.G. Lynn, Magistrate Judge Rebecca T. Rutherford,

Page 3: see other side,

Texas Attorney General Assistant Susan San Miguel

(11) The State of Texas Contract 30 Years May 23, 1989, TDC NO. 518622 (EXPIRED) May 23, 2019. USDC NO. 3:18-CV-1459-M-BK. 19-10322

(12) MISCARRIAGE OF JUSTICE: The 5th Cir violated the Oath to support Congress Constitution UNLAWFUL RESTRAINT

(13) The 5th Cir. involuntary servitude is violating Congress confirmation after taking the Oath of Office under Article VI of the United States public "Trust!"

(14) NO judge, or Clerk can extend TDC NO. 518622 Beyond the (30)

Years. The Court cannot ignore Treason. USDC No. 5:23-cv-00814 (Judge Fred Biery did not see a 42 USC § 1983 form or 28 USC § 2254

(14) The "Grievance" #2023 10083 ... "Property" (papers and Illegal Commitment Papers,

(15) Ms. Brim Confiscated F09-97008-H all Legal documents, books, for the wardens. EXHIBIT A.

(16) Fred Biery, ( 5:23-cv-433

(17) (5:23-cv-1092 (Fred Biery 82,981-18 ) WR-82,981-03 (Illegal) 6:15-cv-366 16-51098 (Contempt) (See WR-82,981-11

Page 5, see other side

USDC NO. 4:20-CV-2585 (S.D. Tex. 2020)
22-20131 (Contempt) (See) WR-82,981-18
5:23-CV-102 (Fred Biery) (Contempt)
(14) WR-82,981-04 (6:16-CV-290) 18-50044
(5th Cir) Contempt. 19-10322
(19) 23-50235 LOWELL DEQUINCY GREEN
TDC NO. 518622 USDC NO. 5:23-
CV-107 (Fred Biery)
(20) NO. 5:23-CV-0814-FB, CONGRESS,
Cannot be usurped by the
judicial department [411 U.S. 492]
The strong considerations of comity
that require giving a state
Court system that has Con-
victed a defendant the
first opportunity to correct
its own errors thus
also require giving the
States the first opportunity

In his most recent Section 1983 Complaint, Green purports to sue Ms. Brim, the Property Officer, maintaining she confiscated his personal items, including his legal books. (ECF No. 1). Green also names as Defendants Stephanie Bradley and Jessica Mendez, law library employees. (*Id.* at 4). Additionally, Green maintains he has been illegally restrained. (*Id.* at 7). Green's claims do not allege specific facts indicating he is in imminent danger of serious physical injury. *See Miller*, 2016 WL 3267346, at *2. Because Green has failed to show a real and proximate threat or allege specific facts demonstrating he is in imminent danger of serious physical injury, the Court finds Green has failed to meet the requirements necessary to avoid application of the three–strikes rule. *See* 28 U.S.C. § 1915(g).

***B. Claims Pursuant to § 2254***

1. *Applicable Law*

Section 2244(b) of Title 28 of the United States Code provides that before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). If the applicant fails to seek an order authorizing the district court to consider his habeas application, the application is subject to dismissal for want of jurisdiction. *See In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (holding that petitioner must receive authorization before filing successive § 2254 habeas application).

2. *Application*

After reviewing Green's pleading, it is unclear whether he is seeking habeas relief pursuant to § 2254. (ECF No. 1 at 7). Green's first habeas application was denied in 2016. *See Green v. Davis*, No. 6:15-CV-00285-ADA (W.D. Tex. Mar. 30, 2016). His second application was

Roger street McGregor, Texas 76657. January 02, 1994 54th District Court Mclennan County, Texas, December 07, 1994 (illegal) 25 years. WR-82,981-09, 28 (August 20, 2019) 28 USC §2254, NO. 4:19-cv-00051 (S.D.TX. Houston Jan. 02, 1994) Honorable Gray H. Miller, Ken Paxton. Edward L. Marshall, Green challenge 1994 conviction, transferred to the western District of Texas. Waco Division 24 Alan D. Albright. New Number 6:19-cv-008 (maliciously Dismissed) (6:19-cv-410) See also 6:21-cv-105, and 6:22-cv-609. See 19-50037 Green v. Finch. et al. 6:18-cv-313 (1994-659-C) arrested March 24, 2012 on parole (Alan D. Albright) Treason. 5:23-cv-114 (He) has no immunity. 5:23-cv-507 23-50439, See FBI- D76898621312, This Court is Committing Treason. 6:15-cv-295 illegal life sentence, 16-50522, 6:17-cv-295, (5:23-cv-1092 (WR-82,981-17) the Clerk, (5:23-cv-1021 (WR-82,981-19) the Clerk (6:15-cv-366) 16-51098 (4:20-cv-2585)

22-20131 (5th Cir. Oct 2022) (5:23-cv-36-RP) (5:23-cv-107) (2012-791-22) WR-82,981-04, 6:16-cv-290 (Robert L. Pitman) Contempt of his very own Oath. 18-50044 (he) lied, and filed illegal strike's without the standard forms, how can he rule on a blank sheet of paper? He lied, under Oath. 23-50235 like Fred Biery, he accepted whatever the Deputy Clerk BS presented to him. Fred Biery lied and said Green filed a 42 USC § 1983. and 28 USC § 2254, Tumey v. Ohio, 273 U.S. 510 (1927) (A biased judge is structural error requiring reversal automatic).

(25) A Federal judge illegal restraining a Black Man is the FBI Business Civil Right Department Complaint number is 311093-FCM U.S. Depart-

Page 9. See other side

ment of Justice, Washington, D.C. 20530, June 27, 2023 Page 4 of 4

(26) AUTHORITY. Congress do not support

SIGNED this 7th day of July, 2023.

Judge Fred Biery Bad Behavior, illegal action, placing

FRED BIERY
UNITED STATES DISTRICT JUDGE

statutes before his own Oath, amounts to treason.

Relief Requested

(27) Plaintiff Demand Jury Trial Punitive Damages and Release based on the record NOW,

(28) The FBI Lowell Green has the Authority Lowell Green #518622 to lock Fred Biery Connally unit up, Xavier Rodriguez Jason K 899 FM 632 Pullum. Orlando L. Garcia, All of Kenedy TX 78119 the clerks for Conspiracy (RICO) based on documented Proof, signing official titles with names. very smart impeachment (6). Page 4 EXHIBIT A GRIEVANCE SHALL BE FILE AND COPY RETURNED. Lowell Green Page 4. 8/15/2023

6

1. ART. VI. OATH BREACHED.
2. LOWELL DEQUINCY GREEN V. USA Page 1 of 2
FALSE IMPRISONMENT 19-10322 (RECORDS)

States of America, et al., No. 4:18-CV-01927 (S.D. Tex. Sept. 18, 2019) (dismissed as frivolous); Green v. Pitman, et al., No. 4:18-CV-03975 (S.D. Tex. Oct. 24, 2018) (same); Green v. Davis, et al., No. 6:16-CV-01261-JCB-KNM (E.D. Tex. Aug. 27, 2018) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1), which authorizes dismissal when action is frivolous, malicious, or fails to state claim upon which relief may be granted); Green v. Cooper, et al., No. 6:16-CV-01260-RC-KNM (W.D. Tex. Aug. 14, 2018) (dismissed for failure to state claim upon which relief may be granted); Green v. State of Tex. Gov't, et al., No. 17-50165 (5th Cir. Nov. 27, 2017) (appeal dismissed as frivolous); Green v. State of Tex., et al., No. 6:17-CV-092-ADA (W.D. Tex. May 18, 2017) (dismissed as frivolous); Green v. State of Tex. Gov't, et al., No. 6:16-CV-424-ADA (W.D. Tex. Feb. 13, 2017) (same); Green v. Davis, et al., No. 6:17-CV-419-ADA (W.D. Tex. Feb. 13, 2017) (same); Green v. Sapin, et al., No. 7:16-CV-00014-O (N.D. Tex. Feb. 24, 2016) (same); Green v. Stephens, No. 4:15-CV-3257 (S.D. Tex. Nov. 5, 2015) (dismissed for failure to state claim upon which relief may be granted). Therefore, under the three–strikes rule, Green may not file another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Green has failed to carry his burden. 18 USC § 4001(a)(2012)

(3) In his most recent complaint, Green purports to sue "unknown defendants," alleging various judges, clerks, etc. have failed to uphold their oaths and have committed treason. (ECF No. 1). He maintains his life sentence is void and seeks 15 million dollars in damages. (*Id.* at 12). Green's claims do not allege specific facts indicating he is in imminent danger of serious physical injury. *See Miller*, 2016 WL 3267346, at *2. Because Green has failed to show a real and proximate threat or allege specific facts demonstrating he is in imminent danger of serious physical injury, the Court finds Green has failed to meet the requirements necessary to avoid

AUTHORITY

Page 1, See other side

(5) The United States Congress 28 USC § 2254 Shall issue, 19-10322 Lowell Dequincy Green v. Lorie David, 3:18-CV-1459-M-BT (N.D. Tex.) Show Cause Ordered By Magistrate Judge Rebecca T. Rutherford District Version 1.7.1.1, https://txnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?144079329675-L-1-0-1. 07/17/2019 (NO) Reply From Lorie Davis, P.O. Box 99, Huntsville Texas 77342-0099; and upon the Attorney General of the State of Texas; Ken Paxton, Attention: Susan Francis San Miguel, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548 the petition and supporting documents.

Lowell Green 8/15/2023. SHALL FILE. $15 Million USA DEFENDANT